UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MARTIN LEONARD COHEN,

                        Plaintiff,                      16-cv-6090 (PKC)(AJP)

       -against-                        MEMORANDUM
                                                             AND ORDER

ROBERT CAPERS, BRIAN HICKEY, and
MARIA PASCALI,

                        Defendants.
------------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff Martin Leonard Cohen brings claims against defendants the United States Attorney for the Eastern District of New York, Robert Capers; the Special Agent in Charge of the U.S. Department of Education's Office of the Inspector General, Northeastern Region, Brian Hickey; and Maria Pascali, an employee of the Federal Bureau of Investigation ("FBI"), in their official capacities as employees of the United States, under 42 U.S.C. § 1983, 28 U.S.C. § 1361, and unspecified causes of action under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments. For reasons to be explained, Cohen's claims are dismissed with prejudice.

BACKGROUND

        Plaintiff's handwritten complaint spans 234 pages and is interspersed with hand-drawn sketches, including a drawing of the Cohen family tree and multiple diagrams depicting, among other things, the "Stanley and David Cohen Corruption Strategy" and "Hierarchy of Values in a Democracy," as well as copies of plaintiff's resume, reference letters and recommendations for plaintiff, various news articles, and correspondence between plaintiff and

several attorneys. Plaintiff alleges that he handwrote his complaint because "Plaintiff's computer was being hacked by the coconspirators, and he could not otherwise prepare his legal documents in a confidential manner on a computer." (Pl.'s Mem. in Opp., December 21, 2016, Dkt. 31 ("Pl.'s Opp.") at 14.) In addition, plaintiff has submitted over 500 pages of exhibits attached to his complaint.

The Court need not address all of the allegations in the complaint, most of which are completely irrelevant to any conceivable claim against the defendants. The complaint reads as a disorganized list of grievances against plaintiff's family members, descriptions of nearly incomprehensible conspiracies in which his family seeks to sabotage him personally and professionally, and often vague allusions to the government officials who either refuse to aid plaintiff or actively collude with plaintiff's family against him.

At heart, plaintiff's grievances appear to stem from a dispute with his family over his alleged inheritance and a related civil case in New York state court. Plaintiff alleges that a trust was created pursuant to his parents' estate plan. (Dkt. 1-1 at 27.) While not entirely clear from the complaint, in or around 2005 plaintiff's surviving family members, including his father and one or more of his siblings, undertook in some way to change the estate plan, allegedly to the detriment of plaintiff. (Id. at 28.) Litigation in state court apparently ensued related to the estate plan, and plaintiff alleges misconduct on behalf of his lawyers, his family and their lawyers, and a New York State Supreme Court justice who allegedly colluded with plaintiff's family against plaintiff. (Id. at 29.)

Plaintiff also complains about supposed academic and tax fraud perpetrated by his family members in connection with Five Towns College, of which his father, Stanley Cohen, is the president. (Id. at 33-36; Dkt. 1-3 at 25.) He complains of a "$30 million cover-up," (id. at

23), perjury, (id. at 48), and various other crimes allegedly perpetrated by his family members in connection with the college.  He also alleges that the Five Towns College Board of Trustees was in some way involved in the lawsuit between plaintiff and his family members.  (Dkt. 1-3 at 23.)  Plaintiff's brother, David Cohen, along with Stanley Cohen, are allegedly engaged in a "collective effort . . . to illegally invade the Five Towns College Real Property Trust."  (Id. at 25.)  Plaintiff includes in his complaint a handwritten letter dated April 27, 2016, that he allegedly sent to defendant Hickey detailing allegations regarding misconduct related to Five Towns College, in which he includes a diagram titled "4 Steps to the Perfect Crime in Higher Education."  (Id. at 30-40.)  The complaint states that "the government ought to investigate David M. Cohen."  (Id. at 48.)

Plaintiff also allegedly brought his concerns to the attention of the FBI and U.S. Attorney Capers.  (Dkt. 1-1 at 36, 38.)  Plaintiff claims that "[t]he U.S. Attorney for the Eastern District of N.Y. has abdicated his duty to ferret out corruption and maintain the democratic way of life in his region."  (Id. at 42.)  Plaintiff alleges that he has petitioned the FBI, the "U.S. Office of Education," and the U.S. Attorney's Office regarding "the wrongdoing in Cohen v. Cohen," the aforementioned state court lawsuit.  (Dkt. 1-3 at 20.)  Plaintiff's complaint repeatedly references his "complaint to the FBI," in which he allegedly raised many of his concerns regarding judicial and political corruption as well as other matters.  (See, e.g., id. at 56.)

Plaintiff believes, or believed, himself to be under official investigation.  (Dkt. 1-2 at 5.)  He alleges that his friends, neighbors, and business associates were enlisted by the "federal prosecutor" in order to buffer the federal prosecutor from direct involvement in surveillance activities.  (Dkt. 1-3 at 7.)  He alleges that his father and/or brother enlisted the cooperation of the federal government in the hacking of his telephone.  (Id. at 18.)  Plaintiff alleges that the

government is indirectly violating his rights "through the [sic] private entanglements with others." (Id. at 21.)

Plaintiff pleads no facts that remotely connect any of the defendants with the actions taken by his family members or the events described in the complaint. The named defendants only appear in the complaint sporadically and no specific allegations are made against them other than that they generally failed to fulfill their official duties. No facts are pled regarding any specific actions taken by any of the defendants other than their failure to meet with plaintiff or respond to his attempts to contact them.

Though the complaint sets forth no coherent prayer for relief, plaintiff argues in his opposition to defendants' motion to dismiss that he "has been very clear about stating his major claims for relief," including:

1) The Plaintiff seeks to find gainful employment without an illegal boycott by the conspirators,
2) The Plaintiff seeks a cessation of the campaign of slander and intimidation of witnesses in pending and anticipated legal actions,
3) The Plaintiff seeks the cessation of leaking information in violation of the 4th Amendment of the US [sic] Constitution, as well as wiretaps under Title III, to private parties involved in other civil litigation which is prohibited, and
4) The Plaintiff seeks a cessation of illegal trespass into his law office by conspirators . . .
5) The Plaintiff contends that an act created by the US [sic] Congress and administered by the US [sic] Office of Education, intended to benefit the Plaintiff, was breached by a lone government official in furtherance of the conspiracy . . . .

(Pl.'s Opp. at 10.)

LEGAL STANDARD

Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662,

678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In assessing the sufficiency of a complaint, a court must disregard legal conclusions, which are not entitled to the presumption of truth. Id. Instead, the Court must examine the well-pleaded factual allegations and "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. "Dismissal is appropriate when 'it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law.'" Parkcentral Global Hub Ltd. v. Porsche Auto. Holdings SE, 763 F.3d 198, 208-09 (2d Cir. 2014) (quoting Conopco, Inc. v. Roll Int'l, 231 F.3d 82, 86 (2d Cir. 2000)).

Ordinarily, a pro se plaintiff is entitled to special solicitude. See Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") However, plaintiff is an attorney licensed to practice law in the state of New York, and therefore is not entitled to the special solicitude generally accorded to pro se plaintiffs.[1] See, e.g., Godlove v. Bamberger, Foreman, Oswald, and Hahn, 903 F.2d 1145, 1148 (7th Cir. 1990).

DISCUSSION

I.   The Complaint Fails to Comport with Rule 8(a), Fed. R. Civ. P.

Defendants have moved to dismiss the complaint under Rule 8(a), Fed. R. Civ. P., on the grounds that the complaint fails to conform to the required pleading standards.

Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." If a complaint is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised," it should be

---

[1] As of the date of this Memorandum and Order, the website of the Office of Court Administration, New York State Unified Court System, lists Martin Leonard Cohen as currently registered.

dismissed.  Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).  A complaint should offer "specification" as to the "particular activities by any particular defendant . . . ."  In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007).

Plaintiff's complaint is an incoherent jumble of disconnected and sometimes contradictory allegations, virtually none of which have even a tangential connection to defendants.  The allegations in the complaint are often directed at generalized conspirators, which at times appear to include only plaintiff's immediate family and other times include his neighbors, friends, coworkers, and virtually everyone with whom he has contact.  While specific facts related to the actions of a certain New York state judge are alleged, often the allegations are made against the government or the federal government generally.  At times the complaint refers to, for example, "the federal prosecutor" but does not specify whether the allegation relates to U.S. Attorney Capers or someone else.

Because a good faith examination of the complaint would not permit the defendants to divine the nature of the claims against them, the complaint is dismissed for its failure to comport with the basic standards of notice pleading.  As noted, plaintiff is a lawyer.  But even if the Court were to evaluate the complaint under the special solicitude afforded non-lawyer pro se plaintiffs, the Court would nonetheless dismiss the complaint for failure to comport with Rule 8(a), Fed. R. Civ. P.

II.    The Complaint Fails to State a Claim under Rule 12(b)(6), Fed. R. Civ. P.

In the alternative, the Court finds that dismissal of the complaint is appropriate under Rule 12(b)(6).

The presence of a claim upon which the Court could grant relief is not discernable; neither from the face of the complaint, nor plaintiff's interpretation of the complaint

as stated in his opposition.  Most of plaintiff's complaint is dedicated to detailing difficulties between himself and his family regarding his inheritance, his family's various allegedly nefarious and criminal activities, and alleged fraud in connection with Five Town's College.  No defendant is alleged to have played a role in any of these matters.  While not obvious, it is possible to read the convoluted complaint as alleging that some or all of the defendants' official duties require them to take action against, or at least investigate, plaintiff's family's allegedly unlawful activity, and/or terminate any ongoing investigation into plaintiff.  However, it is the executive, rather than the judicial branch which engages in criminal investigations and decisions related to whom to investigate and whether to bring charges.  In the context of upholding the dismissal of plaintiffs' claims against the U.S. Attorney for the Western District of New York seeking to compel him to investigate and prosecute certain individuals, the Second Circuit found that:

> Although as a member of the bar, the attorney for the United States is an officer of the court, he is nevertheless an executive official of the Government, and it is as an officer of the executive department that he exercises a discretion as to whether or not there shall be a prosecution in a particular case.  It follows, as an incident of the constitutional separation of powers, that the courts are not to interfere with the free exercise of the discretionary powers of the attorneys of the United States in their control over criminal prosecutions.

Inmates of Attica Corr. Facility v. Rockefeller, 477 F.2d 375, 379-80 (2d Cir. 1973) (quoting United States v. Cox, 342 F.2d 167, 171 (5th Cir. 1965)).

Neither may plaintiff obtain the relief he seeks through mandamus.  Mandamus is only available to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  "[M]andamus is an extraordinary remedy that is 'granted only in the exercise of sound discretion,'" Miller v. French, 530 U.S.

327, 339 (2000) (quoting Whitehouse v. Illinois Cent. R.R. Co., 349 U.S. 366, 373 (1955)), and "requires a showing of a 'clear and indisputable' right to the issuance of the writ," id. (citing Mallard v. United States Dist. Court for Southern Dist. of Iowa, 490 U.S. 296, 309 (1989). Mandamus is thus not available to compel an official action over which an officer has discretion; "relief will issue only to compel the performance of a clear nondiscretionary duty." Nigmadzhanov v. Mueller, 550 F. Supp. 2d 540, 543 (S.D.N.Y. 2008) (internal quotation marks omitted). Federal courts have "uniformly refrained from overturning, at the instance of a private person, discretionary decisions of federal prosecuting authorities not to prosecute persons regarding whom a complaint of criminal conduct is made." Inmates of Attica Corr. Facility, 477 F.2d at 379.

Plaintiff's claims pursuant to section 1983 must be dismissed for the independent ground that no action is alleged to have been committed under color of state law; the defendants are all federal officials. Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.4 (2d Cir. 1991) ("[A] prerequisite for relief under § 1983 . . . is that the defendant acted under color of state law. An action brought pursuant to 42 U.S.C. § 1983 cannot lie against federal officers.") (internal citation omitted).

A district court generally should not dismiss a pro se complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002). Here, however, plaintiff is an attorney, admitted to practice law in the state of New York. Under Rule 15(a), Fed. R. Civ. P., although leave to amend a pleading should be "freely given when justice so requires," amendment is not permitted when to do so would be futile—in other words, when the amended pleading would not itself withstand a motion to dismiss. See Milanese v. Rust–

Oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001); Whimsicality, Inc. v. Battat, 27 F.Supp.2d 456, 466 (S.D.N.Y. 1998). The most generous reading of plaintiff's complaint necessitates the conclusion that the remedies plaintiff seeks are categorically outside the realm of relief that this Court can grant. Plaintiff's complaint is thus dismissed with prejudice.

CONCLUSION

Plaintiff's complaint having failed to state a claim upon which relief could be granted, defendants' motion to dismiss (Dkt. No. 27) is GRANTED. The Clerk of the Court is directed to enter judgment for defendants.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
June 6, 2017